IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-cv-00165-BO

SUNSOURCE ENERGY AMERICAS, INC.,
    Plaintiff,

v.

KAUPIND SHAH, *and* WELLS FARGO, N.A., *a nominal defendant*,
    Defendants.

O R D E R

This cause comes before the Court on Plaintiff's motion for preliminary injunction pursuant to Rule 65(a) and temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure [DE 2]. For the reasons that follow, the request for a temporary restraining order is denied. A hearing will be set on the request for a preliminary injunction once Plaintiff has effected service on Defendant and provided proof of the same to the Court.

## BACKGROUND

Plaintiff SunSource commenced this action on March 27, 2025 [DE 1]. Plaintiff's complaint alleges that, following the termination of a contractual business relationship, Defendant Kaupind Shah improperly removed $724,844.88 from SunSource's Bank of America account and transferred it to a Wells Fargo account. SunSource further alleges that Shah has since transferred some portion of that money into a personal account and has used it to pay his lawyers. As of the filing of this order, defendants have not appeared in this action nor has any filing been made demonstrating proof of service of the instant motion.

## DISCUSSION

Rule 65(b) of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders. It provides that

> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). While temporary restraining orders are at times necessary, "[t]he stringent restrictions imposed by . . . Rule 65 [] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 438–39 (1974). Accordingly, the procedural requirements of Rule 65(b) are strictly construed. *Tchienkou v. Net Tr. Mortg.*, No. CIV.A 3:10-CV-00023, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010).

Here, plaintiff's attorney has failed to satisfy Rule 65(b)(1)(B). Though plaintiff's attorney has provided a facial claim of immediate loss and a nominal reason for why notice to defendant should not be required, those facts fall short of the high bar required by Fed. R. Civ. P. 65(b). Notably, the plaintiff has only alleged facts showing that Shah has moved money from one account to the other in the past, not that he has any scheme or design to do so in the immediate future [DE 3 at 9]. Emergency, *ex parte* relief is therefore unsupported by the current motion.

## CONCLUSION

Accordingly, plaintiff's request for a temporary restraining order [DE 2] is DENIED. The Court will set a hearing on plaintiff's request for a preliminary injunction after proof of service on defendants is provided to the Court. Plaintiff shall make service of this order on defendants. If exigent circumstances exist that require an earlier preliminary injunction hearing the Court will entertain such request by motion.

SO ORDERED, this 31 day of March 2025.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE